## THE KING vs. W. S. LUCE.

### BEFORE JUDD, C.J., AS COMMITTING MAGISTRATE.

### MARCH, 1888.

The prosecution cannot, by search warrant, compel the production of the books of account of a defendant, to be used as evidence against him.

### DECISION OF JUDD, C.J.

The case, stated briefly, is this: A search warrant was issued by me on the affidavit of the Attorney-General, the object of which was to procure the books of account of the accused, with the purpose of using them as evidence of certain transactions which it is alleged will show a conspiracy between the accused and another to defraud the Hawaiian Government of duties on imported liquors.

I think a cursory reading of the statute defining and authorizing the writ of search warrant, Chapter XLVIII. of the Penal Code, would give the impression that it could legally be used for such a purpose.

Section 3 of the Act defines the purposes for which this warrant can be granted, and among them is this: "To discover articles necessary to be produced as evidence or otherwise on the trial of anyone accused of a criminal offense": and it might be said that as the books of the accused are "articles," and are deemed "necessary to be used as evidence," the statute applies.

After hearing argument, and having taken time to reflect upon it, I have come to the opposite conclusion. I think the true meaning of this clause in the statute is that in order to authorize the seizure of "articles to be used as evidence," the "articles" themselves should be evidence: that is, that they should form a part of the *corpus delicti;* as, for example, the weapon by which a homicide was committed, or the bloody clothing worn by the victim of an assassin, etc., these forming a class of articles distinct from those the bare possession of which is criminal—as, for example, the implements and material for making counterfeit coin.

The mere possession of a weapon which could produce death is not criminal; but if such a weapon has been used as the instrument by which a murder was effected, and it is necessary that it be used as evidence on the trial of the person accused of this murder, a search warrant can issue to obtain it.

But in the case before me the books of account as "articles" —that is, as material objects or chattels—are not evidence to be used. They are desired by the prosecution for the records they contain, that is, for the entries of certain transactions, which will have to be testified to and read in order to be evidence.

These transactions, if they have occurred, could be testified to by witnesses to the transactions even if not recorded. The books of account are merely succinct registers of the transactions themselves. In this view, I am of the opinion that the search warrant was improvidently issued.

There is much force in the argument made by counsel for the defendants that Section 2, defining "search warrant" limits this process to the searching for articles illegally obtained or detained, or which are kept for the purpose of using them illegally.

I think, however, that this section is a mere definition, and that a warrant might issue to obtain an article necessary to be produced as evidence against a third party from the possession of one who is not the party accused.

It may be said that the withholding from the prosecution of such an article is illegal—that is, it is an offense against the law. But from such an examination of our Penal Code as I have been able to make, I cannot find that such an act would be punishable, and I am not willing to say that a search warrant could not be applied to such a purpose, for otherwise an offender could deposit with his friends the indicia of his guilt, and they be protected in these acts. In such case the examination to be made by the magistrate of the person in whose possession such articles are found would be for an explanation as to how they came into his possession.

A further objection is made to the search warrant, in that it

does not order the arrest of the person in whose possession these articles should. be found. I think this is sufficiently· complied with by the warrant of arrest, which was issued contemporaneously.

Having found that the statute which is invoked for the issuing of this search warrant does not authorize its use for the particular purpose for which it was asked, it is unnecessary for me to decide whether it is inhibited by the 9th article of the Constitution, which prescribes that no one shall be compelled, in any criminal case, to be a witness against himself. I merely remark that I am still of the opinion that where a Constitutional question is raised, if the Justice before whom it is raised has grave reasons for believing that the procedure or act in question is forbidden by the Constitution, he should reserve the question for the consideration of the Court, otherwise serious rights of the Government might be lost, as the prosecution cannot appeal.

There remains to be determined the question of practice, as to whether I am authorized to quash the search warrant in advance of the articles, for the production of which it was issued, being offered in evidence against the accused.

It is to me a novel request, and no precedent for it is shown by defendant's counsel. It is certainly unprecedented to ask the Court, when the accused has not been brought before it, that a process of the Court, which is ancillary to the proceeding against him, should be quashed.

In the cases I have had access to, viz., *U. S. vs. Boyd,* 116 U. S., 616, the Court held that the inspection by the District Attorney of the books of the accused, which was a compulsory production by him of evidence against himself, and "the admission in evidence," were erroneous and unconstitutional proceedings.

So in *Commonwealth vs. Dana,* 2 Metcalf, 333, the search warrant was offered in evidence by the prosecution, "to the admission of which the defendants' counsel objected, on the ground that the same had been issued improvidently, and was void in law," and the Court first proceeds to discuss the question,

whether the search for lottery tickets, the possession of which, with the intent to sell them, was a violation of law, was such a "reasonable search" as was authorized by the Bill of Rights.

I still think that the motion was premature, and though I allowed argument on the main question as to whether the search warrant was authorized, before this motion was decided, I did so for the convenience of myself, as well as of counsel. I do not hold it correct practice to ask the Court to vacate its process before the defendant is before the Court, and before the evidence, which is urged to have been illegally obtained, is offered.

I think that although there is much authority for the position that when papers are offered in evidence the Court can take no notice how they were obtained, whether lawfully or unlawfully, nor would it form a collateral issue to determine that question, the later cases are against this view, viz.: The case cited from 116 U. S., and the recent Anarchist Case, *Spies vs. People of the State of Illinois,* where the Court contemplate that objections should be taken at the trial when the evidence is offered.

I think the examination must proceed, and having reached the conclusion that the books of account procured by the search warrant cannot be received in evidence, I will order them back to the possession of the defendants, if offered in evidence; and if not offered, will make the same order at the conclusion of this examination.

*The Attorney-General* and *A. P. Peterson,* for prosecution.

*A. S. Hartwell, F. M. Hatch* and *W. A. Whiting,* for defendants.

Honolulu, March 15, 1888.